**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| **James Dwight Parham** | ) | **Chapter 13** |
| **AKA JD Parham and Associates** | ) | |
| **9100 Hopkins Road** | ) | |
| **Richmond, VA 23237** | ) | |
| **Debtor** | ) | **Case No: 20-30438-KLP** |
| _____ | ) | |
| | ) | |
| **Carl M. Bates,** | ) | |
| **Chapter 13 Trustee** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **James Dwight Parham** | ) | **AP Case No.** |
| **AKA JD Parham and Associates** | ) | |
| Plaintiff | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Sun West Mortgage Company, Inc.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ALG Trustee, LLC** | ) | |
| Trustee | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT TO MODIFY DEFENDANT'S CLAIM ON THE DEBTOR'S PRINCIPLE PLACE OF RESIDENCE AND TO BIFURCATE DEFENDANT'S CLAIM UNDER 11 U.S.C. §§ 1322(c)(2) and 1325(a)(5)**

**COMES NOW,** James Dwight Parham, ("Debtor") by Counsel, and respectfully prays that this Honorable Court grant relief to modify Defendant's lien secured by Debtor's principal place of residence, and to bifurcate Defendant's claim into secured and unsecured components, in accordance with 11 U.S.C. §§ 1322(c)(2), 1325(a)(5) if the Court finds that the last payment scheduled for Defendant's claim, was due before the

**KIMBERLY A. CHANDLER, VSB# 47897**
**ELIZABETH EGAN, VSB# 44849**
**CHANDLER LAW FIRM**
P.O. Box 17586
Richmond, VA 23226
Office: (804) 353-1971
Counsel for Debtor

date on which the final payment under Debtor's plan is due and that the value in Debtor's real property is less than the amount of the claim and in support of which states as follows:

## PARTIES

1. James Dwight Parham ("the Debtor") filed a voluntarily petition on January 28, 2020, in this Court for relief under Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Code").

2. Carl M. Bates is the duly appointed Chapter 13 Trustee for Debtor's bankruptcy estate ("Trustee").

3. Defendant Sun West Mortgage Company, Inc., ("Sun West") is a corporation organized and existing under the laws of the State of California, and existing under the laws of the Commonwealth of Virginia, with its Registered Agent, Paracorp Incorporated can be served at 7288 Hanover Green Drive, Mechanicsville, VA, 23111. Pavan S. Agarwal is the CEO and can be served at 6131 Orangethorpe Avenue, Suite 500, Buena Park, CA 90620.

Defendant **ALG Trustee, LLC**. Trustee, ("ALG") is a Virginia resident and/or was a United States or Virginia chartered corporation whose principal office was in Virginia. Trustee's address is 1602 Village Market Blvd., SE Ste 310, Leesburg, VA 20175. The Registered Agent is Corporation Service Company whose address is 100 Shockoe Slip Fl 2, Richmond, VA 23219.

## JURISDICTION

4.     This action arises under 11 U.S.C. §§ 1322(c)(2), 1325(a)(5) of the Bankruptcy Code. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

5.     This Court has jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

## FACTS

7.     Debtor, James Dwight Parham, ("Plaintiff") filed a voluntarily petition on January 28, 2020, listing his principal residence as 9100 Hopkins Road, Richmond Virginia, 23237, in Chesterfield County and more particularly described as:

> **ALL THAT certain lot or parcel of land lying and being in Dale District of Chesterfield County, Virginia, fronting 100 feet on the Western line of New Drewry's Bluff Road, containing one acre, and being described as follows:**
>
> **Beginning at a point marking the intersection of the northern line of property of Otis Clarke and Joseph T. Trent, Sr., and the western line of said Road and extending southerly there from along the western line of said Road, and fronting thereon, 100 feet, and extending back between parallel lines, the northern line thereon being the northern line of aforesaid property, said parallel lines being of equal length, a distance sufficient to make one acre.**
>
> **IT BEING the same property conveyed to Rose Clarke Parham by deed from Rose Clarke Parham and James Parham, her husband, dated July 17, 1962 and recorded September 6, 1962 in Deed Book 688 at page 366 in the Clerk's Office for the Circuit Court for the County of Chesterfield, Virginia.**

8.     Debtor inherited this real estate from his mother, Rose Clarke Parham who, upon information and belief, passed away on March 10, 2018. See Exhibit 1-Deed.

9.     Upon information and belief, on or about February 2, 2009, Rose Parham executed a reverse mortgage and delivered to 1st Mariner Bank a Home Equity Conversion Deed of Trust, herein after ("Reverse Mortgage"), said terms of which provided for an acceleration clause upon the death of Rose Parham, the document

recorded in the Chesterfield County Circuit Court Clerk's Office on February 6, 2009, in Book 8581, Page 0961, Instrument Number 4602. See Exhibit 2-Deed of Trust.

10. The Reverse Mortgage was thereafter assigned to Sun West on March 2, 2015. The Assignment of Deed of Trust was recorded in the Chesterfield County Circuit Court Clerk's Office on July 22, 2015 in Book 10934, Page 0983 and Sun West thereafter filed a substitution of trustee naming ALG as Trustee. See Exhibit 3- Assignment of Deed of Trust/Substitution of Trustee.

11. The Home Equity Conversion Deed of Trust provides:

*(a) Due and Payable. Lender may require immediate payment-in-full of all sums secured by this Security Instrument if: (i) Borrower dies and the Property is not the principal residence of at least one surviving Borrower.*

See infra Exhibit 2.

12. An amended proof of claim, No. 3, herein after ("Sun West Claim"), was filed in this case on June 19, 2020, by Sun West with a principal balance due of $159,474.03. See Exhibit 4 Sun West Proof of Claim.

13. Sun West Claim, pursuant to the acceleration clause further listed the amount that became due and owing pre-petition as $159,474.03.

14. Pursuant 11 U.S.C. §§ 1322(c)(2) and 1325(a)(5), the Sun West deed of trust is a claim against the estate that is subject to modification and to bi-furcation, as a claim made against the Debtor principal residence.

15. The Debtor's Amended Schedule A as filed with the Court lists the value of the real estate in Chesterfield County as $93,000.00, and Defendant's proof of claim as filed with the Court lists the amount of the purportedly secured obligations on the Property as $159,474.03 as of the petition date.

16. Debtor has an appraisal on said real property performed on or about February 22, 2020, by Donna K. Fuller, a Certified Residential Appraiser whose principal office is located at 1106 N. Thompson St., Richmond, Virginia 23230. The appraisal gives a value of $93,000.00. See Exhibit 5-Appraisal.

17. Debtor filed his current amended plan with the Court on July 10, 2020, proposing to modify Sun West's lien and to bifurcate the claim into secured and unsecured components and to "cram down" the unsecured component in accordance with 11 U.S.C. §§ 1322(c)(2), 1325(a)(5).

18. Debtor has proposed an amended plan in which he will pay $93,000.00, the appraised value of the real property, with the remaining balance owed to Defendant being treated as general unsecured, non-priority debt.

19. Defendant filed an objection to Debtor's plan, objecting to Debtor's valuation and arguing the value of the real property is $122,000.00.

20. Debtor has brought this cause of action herein, given the valuation of real property is required to be determined under the Court's jurisdiction as a contested matter as requested herein.

21. Debtor further states that an order requiring Sun West to release its deed of trust upon the completion of Debtor's plan and issuance of Debtor's discharge is necessary for final adjudication of the matter herein.

# ARGUMENT

22. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 21 as stated full herein.

23. In the Fourth Circuit Case ***In re Patricia Ann Brown*** (***In re Brown***), **428 B.R. 672 (Bankr. S.C. 2010)** the Court stated that "Section 1322(c)(2) of the Bankruptcy Code contains an exception that allows the Debtor to modify the mortgage company's claim and pay its claim over the term of her plan and §1322(c)(2) provides that "not withstanding §1322(b)(2) and applicable nonbankruptcy law…in a case in which the last payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title." *Id*. at 676.

24. The property located at 9100 Hopkins Road, Richmond, Virginia 23237 is the Debtor's principal residence and the Defendant's claim is secured by this residence. The final payment under the mortgage has become due before the date on the final payment under the plan is due. Therefore, Debtor may modify the Defendant's claim and pay the claim over the term of his plan.

25. Debtor further relies on the United States Court of Appeals, Fourth Circuit case, ***Larry Albert Hurlburt v. Juliet J. Black and Joseph A. Bledsoe, III***, **925 F.3d 154, (2019)**, in which the Court ruled that a debtor's Chapter 13 plan may bifurcate a claim based on an undersecured homestead mortgage, the last payment for which is due prior to a debtor's final payment under a repayment plan, into secured and unsecured components and cram down the unsecured component." *Id*. at 157.

26. Defendant's undersecured mortgage against the Debtor's principal residence therefore may not only be included and paid in his Chapter 13 plan but may also be bifurcated into separate secured and unsecured claims and "cram down" the unsecured portion of the claim by the Debtor pursuant to 11 U.S.C. §§ 1322(c)(2).

**WHEREFORE**, the Debtor prays that the Court enter an order allowing Debtor to include and pay the Defendant's claim in his Chapter 13 plan and to bifurcate said claim into separate secured and unsecured claims and "cram down" the unsecured portion of the claim pursuant to 11 U.S.C. §§ 1322(c)(2) and 1325(a)(5), and requiring Sun West to release its deed of trust upon the completion of Debtor's plan and issuance of Debtor's discharge and award to Debtor such other and further relief as may be just and proper.

Respectfully submitted by:

James Dwight Parham
By Counsel

/s/Kimberly A. Chandler_____
Kimberly A. Chandler, VSB #47897
Elizabeth Egan, VSB#44849
**Chandler Law Firm**
P.O. Box 17586
Richmond, VA 23226
Phone (804) 353-1971
Fax (480) 393-5764
Counsel for James Dwight Parham