# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| **James Dwight Parham** | ) | Chapter 13 |
| AKA JD Parham and Associates | ) | |
| 9100 Hopkins Road | ) | |
| Richmond, VA 23237 | ) | |
| Debtor | ) | Case No: 20-30438-KLP |
| | ) | |
| **James Dwight Parham** | ) | AP Case No. 20-03131-KLP |
| AKA JD Parham and Associates | ) | |
| Plaintiff | ) | |
| v. | ) | |
| **Sun West Mortgage Company, Inc.** | ) | |
| and | ) | |
| **ALG Trustee, LLC** | ) | |
| Trustee Defendants. | ) | |

## ORDER APPROVING SETTLEMENT

This matter came before the Court upon a joint motion by Plaintiff James Dwight Parham, ("Parham" or "Debtor") by counsel and Defendant Sun West Mortgage Company, Inc., ("Sun West") and ALG Trustee, LLC. Trustee, ("ALG") by counsel (hereinafter "the Parties"), *Motion for Entry of an Order Approving Proposed Settlement* (the "Motion"), pursuant to 11 U.S.C. §§ 1322(c)(2), and 1325(a)(5) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting approval of an agreement between the Parties.

Parham having among his assets listed in his voluntary petition dated January 28, 2020, an ownership interest in inheritance property, herein after the ("Real Property") listed as his principal

residence described as 9100 Hopkins Road, Richmond Virginia, 23237, in Chesterfield County and more particularly described as:

> **ALL THAT certain lot or parcel of land lying and being in Dale District of Chesterfield County, Virginia, fronting 100 feet on the Western line of New Drewry's Bluff Road, containing one acre, and being described as follows:**
>
> **Beginning at a point marking the intersection of the northern line of property of Otis Clarke and Joseph T. Trent, Sr., and the western line of said Road and extending southerly there from along the western line of said Road, and fronting thereon, 100 feet, and extending back between parallel lines, the northern line thereon being the northern line of aforesaid property, said parallel lines being of equal length, a distance sufficient to make one acre.**
>
> **IT BEING the same property conveyed to Rose Clarke Parham by deed from Rose Clarke Parham and James Parham, her husband, dated July 17, 1962 and recorded September 6, 1962 in Deed Book 688 at page 366 in the Clerk's Office for the Circuit Court for the County of Chesterfield, Virginia.**

Debtor having filed the instant case to determine the valuation of the real property and for other such relief as requested by the Court, and having reached an agreement with Sun West and ALG, to release their deed of trust the same document recorded in the Chesterfield County Circuit Court Clerk's Office on February 6, 2009, in Book 8581, Page 0961, Instrument Number 4602, upon the completion and discharge of Debtor's Chapter 13, Case No. 20-30438-KLP. The parties represent that such release shall be in exchange for such valuable and adequate consideration under the terms of the proposed settlement agreement and Motion and states as follows;

The parties have thus agreed to settle the matters before the Court in accordance with the following terms: The agree on a value of the real estate of $107,500.00. Defendant's claim of $159,474.03 shall be bifurcated into a secured and unsecured portion. The amount of $107,500.00 shall be paid in full over the life of the plan as secured through the Debtor's Chapter 13 plan at an interest rate of 5.5%; the remaining amount of the claim $51,974.03 shall be treated and paid as a general unsecured, non-priority debt. It being apparent that the relief requested by this Motion is in the best interests of the Chapter 13 estate, interested parties and its creditors; and due and proper

notice of the Motion having been given; the Court is of the opinion that the proposed relief requested in the Motion should be granted. Based upon the foregoing, it is hereby

ORDERED as follows:

1. All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

2. The Motion is GRANTED.

3. That the Settlement provides for the terms as follows:

    a. The Defendant's claim shall be bifurcated into secured and unsecured portions. The secured amount shall be $107,500.00 at 5.5% interest and a non-priority general unsecured claim in the amount of $51,974.03 and shall be paid as such in accordance with the Debtor's Chapter 13 Plan;
    b. Debtor shall upon entry of this order have 30 days to file an amended plan to conform with the terms of the settlement herein;
    c. Defendants shall have 30 days to amend their amended proof of claim no. 3, to conform with the terms of the settlement herein;
    d. Upon final payment by the Chapter 13 Trustee under the terms of the settlement herein, completion of Debtor's Chapter 13 Plan, and entry of an order of discharge of Debtor's Chapter 13, the Defendants shall release its deed of trust against the secured real property.

**IT IS FURTHER ORDERED** that in the event of foreclosure prior to the completion of Debtor's Chapter 13, the deed of trust shall attach to all proceeds of the foreclosure sale for the full amount of the balance due at the time of the sale. Defendant shall retain its lien in the full amount due under the deed of trust in the event of either dismissal of the Debtor's Chapter 13 case or conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

**IT IS FURTHER ORDERED** that Defendants shall release the deed of trust within 30

days of the notice of entry of the Plaintiff's Chapter 13 discharge. The Plaintiff, may in the alternative, record this captioned Final Order and the Chapter 13 Discharge Order among the land records of the Circuit Court of Chesterfield and upon entry with the Clerk of the Circuit Court of Chesterfield County shall void the Deed of Trust described herein as a lien against the real property of the Plaintiff.

**IT IS HEREBY ORDERED** that the lien is of no force and effect from the date of recordation.

This Court shall retain jurisdiction over all matters related or arising from the approval of the Motion or this Order.

The Clerk is directed to send a copy of this Order to the parties on the attached Service List.

ENTERED: Feb 25 2021

/s/ Keith L Phillips
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/Kimberly A. Chandler
Kimberly A. Chandler VSB 47897
Chandler Law Firm
P.O. Box 17586
Richmond, VA 23226
Office: (804) 353-1971

Entered On Docket: Feb 25 2021

   Counsel for Debtor(s)

SEEN AND AGREED:

/ / Daniel K. Eisenhauer
Danie K. Eisenhauer, VSB 85242
Orlans PLC
P.O. Box 2548
Leesburg, Virginia 20177

Counsel for Sun West Mortgage Company, Inc and authorized signature for ALG

Trustee, LLC. Trustee


Seen and endorsed:

/ / Carl M. Bates
Carl M. Bates
P. O. Box 1819
Richmond, VA 23218-1819

## LOCAL RULE 9022-1 CERTIFICATION

      Pursuant to LBR 9022-1, I hereby certify that a true copy of the foregoing was endorsed by all necessary parties.

                                    /s/ Kimberly A. Chandler
                                    Counsel

## Service List

Daniel K. Eisenhauer
Orlans PLC
P.O. Box 2548
Leesburg, Virginia 20177

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218-1819

James Dwight Parham
9100 Hopkins Road
Richmond, VA 23237

Kimberly A. Chandler
Chandler Law Firm
P.O. Box 17586
Richmond, VA 23226